```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| MIGUEL SANTIAGO,<br><br>          Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of the Social<br>Security Administration,<br><br>          Defendant. | CIVIL ACTION<br>No. 1:14-10121-WGY |

MEMORANDUM & ORDER

YOUNG, D.J.                                September 1, 2015

**I.   INTRODUCTION**

Miguel Santiago ("Santiago") brings this action against Carolyn W. Colvin, the Acting Commissioner of the Social Security Administration (the "Commissioner" or the "Agency"), seeking reversal of the Commissioner's determination that Santiago is not entitled to disability insurance benefits pursuant to Title II of the Social Security Act ("Act") and remand for the immediate calculation of benefits.

**II.  PROCEDURAL HISTORY**

Santiago filed applications for Social Security Disability Insurance and Social Security Supplemental Income on January 26, 2011.  Mem. Law Supp. Pl.'s Mot. Reverse Decision Comm'r Soc. Sec. Admin. ("Pl.'s Br.") 3, ECF No. 17.  The Agency denied

these applications on May 6, 2011.  Id.  Santiago filed a request for reconsideration, which the Agency denied on November 14, 2011.  Id.  Santiago requested a hearing, which was held in Boston on November 27, 2012, before a hearing officer.  Id.  The hearing resulted in an unfavorable decision, and Santiago requested a review of the decision with the Agency's Appeals Council on December 21, 2012.  Id.  The Appeals Council declined to overturn the hearing officer's decision on November 19, 2013.  Id.

    Santiago filed a complaint against the Commissioner in United States District Court in the District of Massachusetts on January 16, 2014, Compl., ECF No. 1, which the Commissioner answered.  Answer, ECF No. 12.  On October 23, 2014, Santiago moved to reverse the decision of the Commissioner.  Mot. Reverse Decision Comm'r Soc. Sec. ("Pl.'s Mot. Reverse"), ECF No. 16.  Santiago filed a brief in support of this motion on the same day.  Pl.'s Br.  On December 3, 2014, the Commissioner filed a motion for an order to affirm the Commissioner's decision along with a brief in support of the motion.  Def.'s Mot. Order Affirm Comm'r's Decision ("Def.'s Mot. Affirm"), ECF No. 20; Mem. Law Supp. Def.'s Mot. Affirm Comm'r's Decision ("Def.'s Br."), ECF No. 21.

**III.  FACTUAL BACKGROUND[1]**

Santiago was born on September 29, 1971, and is currently 43 years old.  Social Security Administration R./Tr. ("Admin. R.") 35, ECF No. 13.[2]  Santiago graduated from high school in Puerto Rico, Pl.'s Br. 4, and is unable to communicate in English, Admin. R. 24.  Santiago has a good work history, which includes a variety of jobs such as shipper, packer, asbestos removal worker, mail clerk, and a sales clerk.  He was unable to work after he tore tendons in his left ankle while working at a warehouse in 2009.  Id. at 34.  The ankle was surgically repaired, but Santiago continued to experience pain and discomfort.  Id.  Santiago also had to undergo surgery on his right ankle for pain and discomfort.  Id.  Santiago has reported daily pain and paresthesia of both ankles, with his left ankle causing the most difficulty.  Id. at 438.  Additionally, Santiago underwent gastric bypass surgery and suffers from depression and anxiety.  Id. at 18.

---

[1] This Court reviewed the entire record but, in the interest of protecting privacy, will discuss only what is relevant.

[2] The administrative record is divided among several ECF filings, ECF. Nos. 13-1 to 13-8.

**IV.   LEGAL FRAMEWORK**

    **A.   Standard of Review**

"[A] district court has the power to affirm, modify, or reverse a decision of the Commissioner," pursuant to 42 U.S.C. § 405(g). Rivera v. Astrue, 814 F. Supp. 2d 30, 33 (D. Mass. 2011).  The First Circuit has explained that this requires a district court to affirm the Commissioner's findings if "'a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion.'" Id. (quoting Irlanda Ortiz v. Sec'y of Health and Human Servs., 955 F.2d 765, 769 (1st Cir. 1991)).  This Court must uphold the Commissioner's decision unless "the Secretary has committed a legal or factual error in evaluating a particular claim." Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 16 (1st Cir. 1996) (quoting Sullivan v. Hudson, 490 U.S. 877, 885 (1989)).  "'[E]ven if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence'" the Court must uphold the Commissioner's decision. Rivera, 814 F. Supp. 2d at 33 (quoting Rodriguez Pagan v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987)).

    **B.   Disability Standard**

In order to determine whether an applicant is disabled under the meaning of the Act, the Social Security Administration

4

regulations dictate a five-step process the hearing officer must use. As this Court has summarized, the steps are:

> (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or medically equals an impairment listed under 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant has the residual functional capacity to perform his past relevant work; and (5) whether the impairment prevents the claimant from doing any other work given the claimant's age, education, and work experience.

Rivera, 814 F. Supp. 2d at 33-34 (citing 20 C.F.R. § 404.1520). The claimant bears the burden of proof on the first four steps, and the Agency bears the burden on the fifth step. Id. at 34.

**V.   THE HEARING OFFICER'S DECISION**

The hearing officer concluded that Santiago is not disabled within the meaning of the Social Security Act. Admin. R. 16. In his decision, the hearing officer utilized the five-step process just discussed. Id. First, the hearing officer concluded that even though Santiago earned $904 in 2010, this work activity did not amount to substantial gainful activity during the alleged period of disability. Id. at 18. Second, the hearing officer found Santiago had the following severe impairments: status post bilateral foot surgeries, status post gastric bypass surgery, and depressive and anxiety disorders. Id. Third, the hearing officer determined that Santiago did not have an impairment or combination of impairments that met or

medically equaled the severity of one of the listed impairments in 20 C.F.R. § 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.  Id. at 19.

The hearing officer determined that Santiago had the residual capacity to perform sedentary work, as defined in 20 C.F.R. § 404.1567(a) and 416.967(a), but that he must be afforded the option to alternate between sitting and standing during the workday.  Id. at 20.  Also, the hearing officer determined that Santiago must be limited to no more than occasional postural maneuvers, occasional pushing and pulling with the lower extremities, simple routine tasks, and occasional interaction with supervisors, coworkers, and the general public. Id.  Applying this residual functional capacity assessment to the fourth step of the disability analysis, the hearing officer determined that Santiago was unable to perform any past relevant work under 20 C.F.R. § 404.1565 and 416.965.  Id. at 23.

At the fifth step in the analysis, the hearing officer found that after considering Santiago's age, education, work experience, and residual functional capacity, "there are jobs that exist in significant numbers in the national economy that the claimant can perform."  Id. at 24.  At the hearing, the hearing officer posed the following hypothetical to the vocational expert: "Can I ask you to assume an individual as the same age, education and work history of the Claimant who is able

to lift ten pounds occasionally and less than ten pounds frequently. . .Would this individual perform the Claimant's past relevant work?" Id. at 44-45.  The vocational expert testified that although Santiago was unable to perform his past relevant work, he could instead perform the requirements of representative sedentary, unskilled occupations such as sorter, with 300 jobs in Massachusetts and 20,000 jobs nationally, wire inserter, with 600 jobs in Massachusetts and 40,000 nationally, and inspector, with 300 jobs in Massachusetts and 40,000 jobs nationally.  Id. at 45.  The hearing officer concluded that Santiago was capable of adjusting to other work that exists in significant numbers in the national economy.  Id.

## VI. ANALYSIS

Santiago alleges that the conclusions of the vocational expert failed to account for Santiago's inability to read and converse in English and are thus invalid.  Pl.'s Br. 10.  Santiago contends that once his inability to converse in English is considered, the number of available jobs will decrease to the point where benefits must be awarded.  Id. at 12.  Santiago argues that the Commissioner's determination that he is not disabled is thus not supported by substantial evidence of the record.  Id.

This is a sound argument, and well presented.  Yet it is at this point that the rule that all inferences are to be drawn in favor of the Commissioner's decision comes forcefully into play.

For the entirety of the hearing, Santiago communicated through an interpreter, including during his exchange with the vocational expert, which shows the expert was aware of Santiago's inability to communicate in English.  Admin. R. 30-49.  The hearing officer thus could reasonably infer that the vocational expert's knowledge of Santiago's inability to communicate in English was incorporated into her testimony at the hearing.  Additionally, in his hypothetical to the vocational expert, the hearing officer asked the expert to assume that the hypothetical individual had Santiago's education.  Id. at 44.  "One educational factor is the claimant's ability to communicate . . . in English."  Linares v. Colvin, No. 14-cv-3524 JC, 2014 WL 5528404, at *4 (C.D. Cal. Oct. 31, 2014) (citing 20 C.F.R. § 404.1564(b)(5)).  This clarifies that the vocational expert's answer to the hearing officer's hypothetical at the hearing included Santiago's inability to communicate in English.

If testimony from a vocational expert is inconsistent with information in the Department of Labor's Dictionary of Occupational Titles ("DOT"), then the hearing officer must resolve this conflict before relying on it only if such

potential inconsistencies are "apparent and have been identified." Aho v. Comm'r of Soc. Sec. Admin., No. CIV 10-40052-FDS, 2011 WL 3511518, at *14 (D. Mass. Aug. 10, 2011) (Saylor, J.) (citing SSR 00-4p, 2000 WL 1898704, at *4 (S.S.A. Dec. 4, 2000)).  If the language requirements for a representative job identified by the vocational expert conflict with the claimant's abilities or the DOT, the hearing officer must explain the deviation.  Id.  Here, Santiago did not allege the vocational expert's testimony was inconsistent with the DOT at the hearing or in his brief.  At the hearing, the vocational expert stated that her testimony was consistent with the DOT, and neither Santiago nor his attorney objected to that statement.  Id. at 47.  Since there is no identified inconsistency, the hearing officer properly accepted the vocational expert's testimony, as does this Court.  Aho, 2011 WL 3511518, at *14 (hearing officer not erroneous with respect to an issue of vocational expert testimony that went unchallenged).  Therefore, this Court rules the hearing officer and the vocational expert properly accounted for Santiago's inability to communicate in English.

## VII. CONCLUSION

Santiago's motion to reverse the Commissioner's decision, ECF No. 16, is DENIED, and the Commissioner's motion to affirm the decision, ECF No. 20 is GRANTED.

**SO ORDERED.**

/s/ William G. Young

WILLIAM G. YOUNG
DISTRICT JUDGE